IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERCOM GROUP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DIATI STAFFING, LLC; DANIEL G. SMITH, MATTHEW K. MCCOOL, and JANE DOES 1-5, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 16-3475 (JBS/JS) <br><br> **MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

Plaintiff Mercom Group, LLC, moves to remand this case to the Superior Court of New Jersey on the ground that Defendants Diati Staffing, LLC, Daniel Smith, and Matthew McCool improperly removed this case with a lack of jurisdiction. Defendants claimed, in their Notice of Removal filed June 15, 2016, that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1338, and 17 U.S.C. § 102, because, according to Defendants, the Complaint seeks equitable and monetary relief for the alleged unauthorized copying and publishing of material from Mercom and Mercom's website and job postings, such that certain claims are actually Copyright Act claims for which federal jurisdiction is exclusive pursuant to 28 U.S.C. § 1338 and 17 U.S.C. § 301.

Having reviewed the briefs of counsel and heard the expedited oral argument on July 20, 2016, the Court finds that Plaintiff's claims are not subject to copyright preemption and that this Court lacks subject matter jurisdiction. Accordingly, Plaintiff's motion for remand shall be granted.

1.   **Background and History.** We begin by reviewing Plaintiff's Verified Complaint which arises from the contractual relationships of Mercom with its former employees, Smith and McCool. During their employment with Mercom, Smith and McCool each had an employment agreement containing a confidentiality clause protecting certain information of Mercom, its customers, its customer lists, financial information, marketing plans, business plans, processes, procedures and more. The Complaint alleges that Smith and McCool were entrusted with such trade secrets and confidential and proprietary information within the scope of their employment agreements. Mercom's business, according to the Complaint, is as a recruiting and staffing company that provides services to companies in various industries, with a focus on the information technology industry. (Compl. [Docket Item 1-2] ¶¶ 6, 8-16.)

2.   The Complaint alleges that Smith and McCool started a company, Defendant Diati Staffing, which provides staffing services in the information technology sector that are identical to the staffing services offered by Mercom. (Id. ¶¶ 18-19.)

3.     The Complaint alleges that Smith and McCool took steps to organize and set up Diati Staffing while still employees of Mercom, in secret. The Complaint alleges that the Defendants copied both public and confidential information of Mercom and used it in the new business, including the identities of Mercom's clients and trade secrets of Mercom, and that Defendants' scheme to recruit individuals for Mercom's confidential clients for opportunities that do not exist at this time (because the positions were already filled) could not succeed without Defendants using confidential and proprietary information and/or trade secrets obtained through Smith and McCool's employment with Mercom. (Id. ¶¶ 31-36.) The heart of Plaintiff's Verified Complaint is the use of proprietary, confidential client data, a claim repeated again and again, including the confidential client list and client information related to sales, marketing, purchasing, and pricing, which are not generally known, and that all this confidential information was obtained through Smith and McCool's employment with Mercom.

4.     In short, Plaintiff Mercom makes no claim under the Copyright Act, but rather under state law. These claims are:

>    First Count: Breach of Contract
>
>    Second Count: Breach of Implied Covenant of Good Faith and Fair Dealing
>
>    Third Count: Breach of Duty of Loyalty

Fourth Count: Tortious Interference with Contract

Fifth Count: Tortious Interference with Business Opportunities

Sixth Count: Unfair Competition

Seventh Count: Inevitable Disclosure of Trade Secrets

Eighth Count: Misappropriation of Trade Secrets and Confidential Information

5.    The issue presented is whether Counts 4, 5 and 6 are preempted by the Copyright Act and give rise to federal jurisdiction. (Mercom Br. at 10; Defendants' Br. in Opp. at 1.) Defendants assert that these claims – for Tortious Interference with Contract, Tortious Interference with Business Opportunities, and Unfair Competition – are expressly preempted by Section 301 of the Copyright Act. Section 301 provides that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . are governed exclusively by this title." 17 U.S.C. § 301(a).[1]

6.    Defendants cite to some allegations in Counts 4, 5 and 6 that the Defendants copied and used language from Mercom's online job postings, see Def. Br. at 5, and they argue that such

---

[1] The Court lacks diversity jurisdiction under 28 U.S.C. § 1332 as all parties appear to have New Jersey citizenship.

detailed job postings and verbiage are appropriate subject matter of copyright law. Defendants assert that Counts 4, 5 and 6 should be converted to copyright claims because they plead all elements of infringement on copyright-eligible material (i.e., the published online job listings) that would be protectable under Section 106, ¶¶ 1, 2 & 5, of the Copyright Act.

7.    Plaintiff Mercom asserts, in response, that it never claims ownership, authorship or copyright in its published online job postings and that it seeks no injunctive relief against their use. Importantly, the job postings do not contain the names of prospective employers or their hiring strategies, which Plaintiff claims are confidential trade secrets. The gravamen of their claims in Counts 4, 5 and 6 centers instead upon the Defendants' use of Mercom's confidential and proprietary information to steal customers and to lure job applicants, while the copied job postings are for positions that are "fake" – i.e., that no longer exist. The relief sought, according to the "Wherefore" clauses of Counts 4, 5 and 6, is not directed to barring use of the online job postings, none of which contains confidential or proprietary information, but to enjoin Defendants' continuing use of Mercom's trade secret and

other protected proprietary information and for compensatory

damages.[2]

8.    With this background, the Court will discuss the

contours of copyright preemption and determine whether Counts 4,

5 and 6 of the Verified Complaint are preempted.

9.    **Legal Analysis.** Where this Court's jurisdiction on

removal is challenged, the burden is upon Defendants, as the

removing parties, to demonstrate that subject matter

jurisdiction exists as claimed. In re Nat. Football League

Players Concussion Injury Litig., 775 F.3d 570, 574 (3d Cir.

2014). The federal removal statute, 28 U.S.C. § 1441, "is

strictly construed, requiring remand if any doubt exists over

whether removal was proper." Carlyle Inv. Mgmt. LLC v. Moonmouth

Co. SA, 779 F.3d 214, 218 (3d Cir. 2015).

10.    Under the Supremacy Clause of the United States

Constitution, federal law is the supreme law of the land and any

conflicts between federal and state laws must be resolved in

favor of federal law. Essentially, "state law that conflicts

with federal law is without effect." Cipollone v. Liggett Group,

Inc., 505 U.S. 504, 516 (1992) (citing U.S. Const. art. VI, cl.

---

[2] In characterizing Plaintiff's claims in Counts 4, 5 and 6, the
Court adopts Plaintiff's nomenclature and makes no determination
whether any of these claims state a viable claim under New
Jersey law. The sole issue is whether any of these counts states
a claim under the Copyright Act conferring exclusive
jurisdiction upon this federal court.

2). "Federal law can preempt state law in three ways: (1) express preemption, (2) field preemption, and (3) conflict preemption." Bell v. Cheswick Generating Station, 734 F.3d 188, 193-94 (3d Cir. 2013), cert. denied sub nom. GenOn Power Midwest, L.P. v. Bell, 134 S. Ct. 2696 (2014) (quoting Farina v. Nokia, 625 F.3d 97, 115 (3d Cir. 2010)). "Express preemption arises when there is an explicit statutory command that state law be displaced." Orson, Inc. v. Miramax Film Corp., 189 F.3d 377, 381 (3d Cir. 1999) (citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 382 (1992)).

11.   Section 301 of the Copyright Act contains such an express preemption provision, providing that state causes of action are preempted by the Copyright Act where those rights are "'equivalent' to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). A state law claim will not be considered "equivalent" to copyright infringement where it requires an additional element that is "qualitatively different" from "mere copying, preparation of derivative works, performance, distribution or display." Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc., 307 F.3d 197, 217-18 (3d Cir. 2002) (discussing Data Gen. Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1164 (1st Cir. 1994)). Accordingly, this Court must decide whether Plaintiff seeks in Counts 4, 5 and 6 (1) to vindicate a right equivalent to a copyright

holder's exclusive rights, codified at 17 U.S.C. § 106, in (2) a work within copyright's subject matter. See <u>Facenda v. N.F.L. Films, Inc.</u>, 542 F.3d 1007, 1027 (3d Cir. 2008).

12. Defendants contend that Plaintiff's Counts 4, 5 and 6 seek to stop Defendants' "unauthorized copying and distribution" of Mercom's job postings, and that those are "exclusive rights" under Section 106, ¶¶ 1, 2 & 5 of the Copyright Act. According to Defendants, tortious interference and unfair competition claims "are preempted by federal copyright law when the gravamen is of reproducing works." (Def. Br. at 6.) Defendants take the position that any additional elements Plaintiff alleges (such as "mental knowledge") in those causes of action do not change the character of the claims and make them "qualitatively different" from a copyright infringement claim. Defendants liken this case to <u>Scranton Times, L.P. v. Wilkes-Barre Pub. Co.</u>, Case No. 08-2135, 2009 WL 585502 (M.D. Pa. Mar. 6, 2009), in which the District Court found the Plaintiff's state law claims for misappropriation, unfair competition, tortious interference with existing business relations, and unjust enrichment to be preempted by the Copyright Act because Plaintiff's claims arose from allegations that the Defendant published obituaries copied from Plaintiff's newspapers and websites and "passed off" the notices as its own. <u>Id.</u> at *7.

13.   Contrary to Defendants' characterization of the
Complaint, it is clear that the gravamen of Counts 4, 5 and 6 is
not to stop Defendants' "unauthorized copying and distribution"
of Mercom's job postings, but instead to prevent Defendants' use
of Mercom's confidential and proprietary information, claims
which are "qualitatively different from mere unauthorized
copying." Dun, 307 F.3d at 218. As the Court of Appeals noted in
Dun, a claim that "requires a proof of breach of duty of trust
or confidence to the plaintiff through the improper disclosure
of confidential materials" is qualitatively different from a
claim for copyright infringement. 307 F.3d at 218.

14.   Integral to Plaintiff's claims in Counts 4, 5 and 6
are allegations that "Defendants are . . . intentionally,
knowingly and improperly using trade secrets and confidential
and proprietary information of Mercom" to cause Mercom to
violate its confidential service agreements with clients, to
interfere with Mercom's ongoing and future relationships with
clients, and to unlawfully compete with Mercom for future client
relationships, and that Defendants Diati Staffing, Smith, and
McCool are all aware that this information is to be kept
confidential per Mercom's service agreements with its clients
and Mercom's employment agreements with Smith and McCool. (See
Compl. Count 4 ¶¶ 2, 3 & 4; Count 5 ¶¶ 2 & 3; Count 6 ¶ 2.)
Plaintiff is plainly not challenging Defendants' conduct of

copying and re-posting Mercom's job postings, but instead challenging Defendants' conduct of misusing the proprietary information <u>behind</u> those postings.

15.  As Defendants' counsel conceded at the July 20 hearing, the Copyright Act provides Plaintiff no recourse to stop Defendants' conduct with respect to Plaintiff's trade secrets and proprietary information. Defendants are not alleged to have "reproduced," "prepared derivative works," or "publicly displayed" Plaintiff's proprietary information, <u>see</u> 17 U.S.C. § 106 ¶¶ 1, 2 & 5, or taken any action which violates any other exclusive right of a copyright holder under Section 106.

16.  Moreover, Plaintiff has not plead all of the required elements of a copyright infringement claim: Plaintiff has not asserted "ownership of a valid copyright" in anything. See <u>Dun & Bradstreet Software Services, Inc. v. Grace Consulting, Inc.</u>, 307 F.3d 197, 206 (3d Cir. 2002) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work.") As Plaintiff's counsel reiterated at the July 20 hearing, Plaintiff does not assert any right of ownership in the job postings themselves; according to Plaintiff, the job postings copied from Mercom's website to the Diati Staffing website are not unique – rather, they are just blurbs of the qualifications required for each

position. It is not those words themselves that Plaintiff seeks to protect, but the confidential information behind the job postings that make them useful to a staffing agency like Mercom or Diati. In fact, Plaintiff's counsel clarified at the July 20 hearing that none of the confidential information Plaintiff seeks to protect, including client identities, subcontractor lists, and client information related to sales, marketing, purchasing, and pricing, appears anywhere in the job postings. Defense counsel conceded at oral argument that the Copyright Act would not be available to afford Plaintiff the relief it seeks as to confidential and trade secret information that it actually seeks in Counts 4, 5 and 6. The Court finds that the allegations Defendants point to as claims for unauthorized copying of the job postings are only incidental to illustrating how Defendants allegedly misuse Plaintiff's trade secrets and other confidential information.

17. Accordingly, the Court finds that the theories of recovery asserted in Counts 4, 5 and 6 are so different from "mere copying" that Plaintiff is not seeking to vindicate a right equivalent to a copyright holder's exclusive rights. This is not a close question. Because Plaintiff's claims are not preempted by the Copyright Act, and because no party presents any other basis on which the Court could exercise subject matter jurisdiction, Plaintiff's motion for remand is granted.

18.  **Mercom's Request for Costs and Fees**. Plaintiff also requests costs and fees pursuant to 28 U.S.C. § 1447(c) in its motion for remand, taking the position that the Court should exercise its discretion to award fees because Defendants never had an "arguable basis" for asserting federal jurisdiction to remove this matter to federal court and because Defendants removed the case days before a preliminary injunction hearing was to be held before the Superior Court only as a means to delay Plaintiff's emergency relief sought in Superior Court.

19.  The Supreme Court of the United States has clarified that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal" and where "such an award is just." Martin v. Franklin Capital Corp., 546 U.S. 132, 138, 141 (2005). "The objective reasonableness standard is intended to balance two statutory goals: deterring removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Gloucester County Imp. Authority v. Gallenthin Realty Devel., Inc., Case No. 07-5328, 2008 WL 336784, at *8 (D.N.J. Feb. 5, 2008) (discussing Martin)). Following the Supreme Court's guidance, this Court finds two bases on which to award Plaintiff

12

attorney's fees in connection with its motion to remand:
Defendants lacked an objectively reasonable basis to assert
federal jurisdiction in this matter, and the timing of
Defendants' removal presents unusual circumstances.

20.   Courts in this Circuit have awarded fees in connection
with orders to remand cases where, as here, "the complaint
clearly does not state a claim removable to federal court or
where minimal research would have revealed the impropriety of
removal." Newton v. Tavani, 962 F. Supp. 45, 48 (D.N.J. 1997).
As is explained, supra, Defendants substantially
mischaracterized the claims asserted and relief sought in Counts
4, 5 and 6 in arguing that those claims are preempted by the
Copyright Act; Plaintiff plainly seeks relief for Defendants'
alleged misuse of proprietary information, not for Defendants'
copying and re-posting of Mercom's job postings. Nowhere does
Plaintiff allege that Defendants are infringing on original
material authored and owned by Plaintiff, the basic elements of
a claim for copyright infringement. While non-precedential cases
exist finding other claims for tortious interference and unfair
competition preempted by the Copyright Act, there exists no
authority for Defendants' assertion that all such claims,
including those asserting a breach of confidentiality arising
from employment agreements, are similarly preempted; in fact,
the Third Circuit has explicitly held otherwise. See Dun, 307

13

F.3d at 218 (holding that a claim that "requires a proof of breach of duty of trust or confidence to the plaintiff through the improper disclosure of confidential materials" is qualitatively different from a claim for copyright infringement). Defendants' representations about the allegations made in the Complaint are inaccurate, misleading, and bordering on frivolous. No objectively reasonable basis exists for Defendants to assert that Counts 4, 5 and 6, as actually presented in the Complaint, are preempted by the Copyright Act.

21. Furthermore, the timing of Defendants' removal of this case presents an "unusual circumstance," suggesting that removal had the purpose of delaying and prolonging litigation between the parties. Plaintiff filed suit in the Superior Court of New Jersey, Camden County, on May 16, 2016. [Docket Item 1-2.] That same day, Plaintiff filed an order to show cause why a preliminary injunction should not issue against Defendants to restrain Defendants from, inter alia, using and/or disclosing Mercom's confidential client information, trade secrets, and proprietary information. [Id.] On May 24, 2016, the Superior Court scheduled a hearing on Plaintiff's motion for June 22, 2016. [Id. at 32-36.] Defendants' opposition to the Order to Show Cause was due in the Superior Court on June 13, 2016, according to the Order, yet Defendants filed none before removal or to date, so far as the record reveals. On June 15, 2016, just

14

one week before the hearing was to occur, Defendants instead removed the case to this Court. [Docket Item 1.] While this removal was timely within the 30-day window provided for in Section 1447(c), Defendants' unexplained delay in waiting until only a few days before the preliminary injunction hearing, when they had had notice of the complaint for nearly a month, is troublesome. Defendants effectively delayed a preliminary injunction hearing in a case where Plaintiff presented circumstances suggesting immediate, irreparable, and ever-growing harm from Defendants' conduct. The Court finds that it would be just to award fees where Defendants' objectively unreasonable delay has potential to meaningfully harm the Plaintiff.

22.   Plaintiff may submit its Affidavit for Fees and Services consistent with L. Civ. R. 54.2 within three (3) business days of the entry of the accompanying Order. Defendant will have (3) business days thereafter to submit any objection as to the amount of fees and expenses. Plaintiff may respond to Defendants' submission within (3) business days thereafter.[3]

---

[3] Since determination of an award under 28 U.S.C. § 1447(c) is a collateral matter, the Court will retain jurisdiction after remand solely to determine and enter the award. See, e.g., Mints v. Educ. Testing Svc., 99 F.3d 1253 (3d Cir. 1996).

23.   An accompanying Order will be entered.


**July 26, 2016**                          **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            Chief U.S. District Judge